IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

DAVID SCOTT LISTON,

        Petitioner,

    v.

MARK NOOTH, Superintendent,
Snake River Correctional
Institution

        Respondent.

Case No. 2:11-cv-01430-JE

FINDINGS AND RECOMMENDATION

    Anthony D. Bornstein, Assistant Federal Public Defender
    101 S.W. Main Street, Suite 1700
    Portland, Oregon 97204

        Attorney for Petitioner

    Ellen Rosenblum, Attorney General
    Samuel A. Kubernick, Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

        Attorneys for Respondent

 1 - FINDINGS AND RECOMMENDATION

JELDERKS, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his underlying state-court convictions and resulting consecutive sentences. For the reasons that follow, the Petition for Writ of Habeas Corpus (#2) should be denied.

## BACKGROUND

In June 2003, the Clackamas County Grand Jury indicted petitioner on one count of Kidnapping in the First Degree, one count of Sexual Abuse in the First Degree, one count of Attempted Sodomy in the First Degree and one count of Attempted Sexual Abuse in the First Degree. The charges stemmed from petitioner's physical restraint and sexual abuse of his girlfriend's daughter, a severely autistic ten-year-old. Respondent's Exhibit 102. After a bench trial, the court convicted petitioner of all four charges and sentenced him to consecutive sentences totaling 237 months in prison. Respondent's Exhibit 101.

Petitioner took a direct appeal challenging the trial court's denial of his motion for judgment of acquittal on all charges and asserting several claims of sentencing error. In a supplemental *pro se* appellant's brief, petitioner also challenged the constitutionality of Oregon's mandatory minimum sentencing scheme. The Oregon Court of Appeals affirmed the trial court's decision in a written opinion, the Oregon Supreme Court denied review and the

United States Supreme Court denied the petition for a writ of *certiorari*.  *State v. Liston,* 212 Or. App. 703, 159 P.3d 335 *(per curiam), rev. denied,* 343 Or. 206, 166 P.3d 535 (2007)*, cert. denied,* 128 S.Ct. 1711 (2008)*.*

Petitioner next filed for post-conviction relief ("PCR") in Malheur County where the PCR trial court denied relief on his claims.  Respondent's Exhibits 110, 202. In his counseled PCR Appellant's Brief, petitioner raised a single assignment of error: the PCR trial court failed to state its grounds for denying post conviction relief. Resp. Ex. 203.  Petitioner also submitted a *pro se* supplemental brief arguing that his PCR trial counsel had provided ineffective assistance by failing to conduct sufficient investigation to prove his claims and had attempted to dissuade him from filing for post-conviction relief. Resp. Ex. 204.  The Oregon Court of Appeals affirmed the lower court without opinion, and the Oregon Supreme Court denied review.  *Liston v. Nooth,* 244 Or. App. 455, 258 P.3d 537, *rev. denied,* 351 Or. 216, 262 P.3d 402 (2011).

On November 28, 2011, petitioner filed a Petition for Writ of Habeas Corpus in which he raises seven grounds for relief:

> 1. Petitioner received ineffective assistance of trial counsel when counsel failed to raise all valid actual innocence claims, failed to object to the trial court's exclusion of evidence and

3 - FINDINGS AND RECOMMENDATION

        failed to provide exculpatory scientific evidence;[1]

2. Trial counsel was ineffective by failing to object to the state's use of contaminated DNA evidence and the state's failure to preserve crucial evidence;

3. Trial counsel was ineffective by failing to properly object to the invalid consecutive sentences and double upward departure sentences;

4. Trial counsel was ineffective by failing to provide for testimony or retain a medical expert witness to counter the state's expert witness;

5. Trial counsel was ineffective by failing to discredit or object to the testimony of the state's expert witness;

6. Trial counsel was ineffective by failing to subpoena and call to testify private investigator Jean D. Erhardt for the purposes of discredting and potentially impeaching testimony against petitioner; and

7. The state deprived petitioner of his right to due process of law by failing to preserve crucial DNA evidence that it knew beforehand was in limited amount.

Respondent asks the court to deny relief on the Petition because petitioner failed to fairly present all of his claims to

---

[1] Although petitioner titles Ground One "Actual Innocence," the description and supporting facts do not present such a claim, but rather describe a claim of ineffective assistance of counsel. *See Schlup v. Delo*, 513, U.S. 298, 324 (1995)(credible actual innocence claim must be supported by new reliable evidence not presented at trial in light of which it is more likely than not that no reasonable juror would have found petitioner guilty.

4 - FINDINGS AND RECOMMENDATION

the Oregon State courts, and the claims are now procedurally defaulted.

Petitioner concedes that all of his claims of ineffective assistance of counsel are procedurally defaulted and requests an evidentiary hearing so that he "may establish cause for any default of his claims." Memo in Support (#44), pp. 2,8,9. In addition, petitioner argues that *Martinez v. Ryan, 566 U.S. ----,* 132 S.Ct. 1309 (2012), provides an exception to the procedural default rule when a petitioner's initial-tier PCR counsel negligently fails to raise or adequately develop meritorious claims.

## DISCUSSION

### I.    Exhaustion and Procedural Default Standards

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore,* 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context

5 - FINDINGS AND RECOMMENDATION

in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. *Castille v. Peoples*, 489 U.S. 346, 351 (1989.

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986.

II. **Analysis**

    A. **Ineffective Assistance of Counsel (Grounds One through Six)**

As previously noted, petitioner concedes that all of his claims of ineffective assistance of counsel are procedurally defaulted.  He claims, however, that the default is attributable to the deficient performance of PCR trial counsel such that the default should be excused.  Petitioner argues that his PCR trial counsel was deficient when he failed "to thoroughly investigate and develop the meritorious claims of ineffective assistance of trial

6 - FINDINGS AND RECOMMENDATION

counsel." Memo in Support (#44) p. 11. Petitioner reasons that any deficiency at the PCR appellate phase was based "on the failure to fully support the claims in the PCR trial court" and, due to PCR trial counsel's poor performance, *Martinez* supports a finding of cause to excuse his default.

Traditionally, the performance of PCR counsel could not be used to establish cause and prejudice to excuse a procedural default. *Coleman v. Thompson*, 501 U.S. 722, 753-54 (1991) (only the constitutionally ineffective assistance of counsel constitutes cause); *Pennsylvania v. Finley*, 481 U.S. 551, 556 (1987) (there is no constitutional right to counsel in a PCR proceeding). However, in *Martinez v. Ryan*, 132 S.Ct. 1309, the Supreme Court found "it . . . necessary to modify the unqualified statement in *Coleman* that an attorney's ignorance or inadvertence in a post-conviction proceeding does not qualify as cause to excuse a procedural default." *Id*. at 1315. It concluded, "Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.*

Respondent argues that the limited *Martinez* exception does not apply to PCR appellate counsel's failure to raise these claims. Specifically, respondent asserts that the ineffective assistance of counsel claims, although mostly presented in the initial-review state post-conviction proceeding, were not renewed on appeal of the

7 - FINDINGS AND RECOMMENDATION

PCR court's denial of relief or in petitioner's Petition for Review to the Oregon Supreme Court.

*Martinez* only excuses a default where PCR trial counsel was ineffective under the standards of *Strickland v. Washington,* 466 U.S. 668(1984)[2] for failing to **raise** a substantial claim of ineffective assistance of trial counsel. See *Martinez*, 132 S. Ct. at 1318. *Martinez* does not support the conclusion that any alleged failure on PCR trial counsel's part to thoroughly *develop* claims of ineffective assistance of counsel raised during petitioner's post conviction proceeding would serve as a basis to excuse a procedural default. See *Id.; Whiley v. Mills,* 2013 WL 840084 *8 (D.Or. Mar. 4, 2013); see also *Lopez v. Ryan*, 678 F.3d 1131, 1137 (9th Cir. 2012)(declining to decide whether *Martinez* should be expanded to apply to PCR counsel's ineffective failure to develop the factual basis of a claim). As there is no authority extending *Martinez* to the performance of PCR appellate counsel, *Martinez,* 132 S.Ct. at 1320, and as the procedural default was not caused by the deficient performance of PCR trial counsel, *Martinez* cannot excuse petitioner's default of Grounds One through Six. Accordingly, the court should deny relief with respect to Grounds One through Six.

---

[2] Petitioner must demonstrate that counsel's representation fails objective standard of reasonableness and but for failure result of proceeding would have been different. *Strickland,* 466 U.S. at 694.

8 - FINDINGS AND RECOMMENDATION

Furthermore, because the court is able to resolve the procedural default issue on the existing record, it need not conduct an evidentiary hearing. See *Schriro v. Landrigan*, 127 S.Ct. 1933, 1940 (2007)(where the record in the case precludes habeas relief, a district court is not required to hold an evidentiary hearing).

### B. Prosecutorial Misconduct (Ground Seven)

As Ground Seven, petitioner alleges that the prosecution deprived him of his due process rights by failing "to preserve crucial evidence and evidence that it knew in advance was of limited amount." Petition for Writ of Habeas Corpus (#2), p. 6. Respondent correctly notes that petitioner does not explain what specific "crucial evidence" was allegedly not preserved and responds based on the belief that petitioner was referring to DNA evidence that was collected from him.

In his counseled supporting memorandum petitioner fails to brief either the merits of Ground Seven or attempt to overcome respondent's assertion of procedural default by showing "cause and prejudice."

By not advancing Ground Seven in his memorandum, petitioner has failed to meet his burden of demonstrating why he is entitled to relief on this claim. See *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004) (petitioner bears burden of proving he is entitled to habeas relief). The court has, nevertheless, reviewed the

9 - FINDINGS AND RECOMMENDATION

record as to Ground Seven and finds that, although petitioner raised the issue of prosecutorial misconduct in his Amended Petition for Post Conviction Relief, he failed to renew this claim on appeal of the PCR trial court's denial of relief. Respondent's Exs. 110, p. 33; 203;204. Because petitioner has failed to fairly present the claim underlying Ground Seven to the state's highest court and can no longer do so, Ground Seven is procedurally defaulted. See *Edwards*, 529 U.S. at 451; *Coleman*, 501 U.S. at 750. Petitioner does not argue cause and prejudice, nor does he attempt to make a colorable showing of actual innocence sufficient to excuse his default. Accordingly, the court should deny relief with respect to Ground Seven.

## **RECOMMENDATIONS**

For the reasons identified above, the court should deny petitioner's request for an evidentiary hearing, deny relief on the Petition for Writ of Habeas Corpus (#2), and enter a judgment dismissing this case with prejudice. The court should also decline to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

## **SCHEDULING ORDER**

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due within 17 days. If no

objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

IT IS SO ORDERED.

DATED this  2nd  day of December, 2013.

                                              /s/ John Jelderks
                                              John Jelderks
                                              United States Magistrate Judge