IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**DAVID SCOTT LISTON**,

    Petitioner,

v.

**MARK NOOTH**, Superintendent, Snake River Correctional Institution,

    Respondent.

Case No. 2:11-cv-01430-JE

**ORDER**

**Michael H. Simon, District Judge.**

    In his Findings and Recommendation in this case, United States Magistrate Judge John Jelderks recommended that the Court deny Petitioner's request for an evidentiary hearing, deny relief on the Petition for Writ of Habeas Corpus, and enter a judgment dismissing this case with prejudice. Dkt. 52. Judge Jelderks also recommended that the Court decline to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

    Under the Federal Magistrates Act ("Act"), the Court may "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court

PAGE 1 – ORDER

shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report[.]"); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (the court must review de novo magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

Petitioner timely filed objections to Judge Jelderks's Findings and Recommendation (Dkt. 57), to which Respondent responded (Dkt. 58). Petitioner objects to the portion of Judge Jelderks's finding that Petitioner defaulted the ineffective assistance of trial counsel claims and to the portion of Judge Jelderks's recommendation that no evidentiary hearing was necessary because the court was able to resolve the procedural default issue on the existing record. Petitioner also objects to Judge Jelderk's recommendation that the Court decline to issue a Certificate of Appealability.

The Court agrees with Judge Jelderks's finding that Petitioner's claims of ineffective assistance of counsel were defaulted when they were not raised on appeal of Petitioner's Post Conviction Review ("PCR") proceeding. Petitioner argues that the default should be excused for

cause under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), in which the Supreme Court held that "inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 1315. Petitioner does not, however, address the fact that the default in this case was not caused by counsel on PCR initial review, but rather by counsel on the PCR appellate review.

Petitioner raised inadequate assistance of trial counsel in his initial PCR, but failed to raise it on PCR appeal. In *Martinez*, the Supreme Court explicitly limited its newly created cause exception to procedural default to post-conviction initial-review counsel, holding that the exception "does not extend to attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for secondary review in a State's appellate courts." *Id.* at 1320. Therefore, the Court agrees with Judge Jelderks's findings regarding Petitioner's procedural default of the ineffective assistance of trial counsel claims. Moreover, the Court agrees with Judge Jelderks's recommendation that no evidentiary hearing is necessary to resolve whether Petitioner had cause for procedural default.

Petitioner also objects to Judge Jelderks's recommendation that the Court decline to issue a Certificate of Appealability. This Court is bound by the Supreme Court's holding in *Martinez*, which is expressly limited to procedural default caused by inadequate assistance of counsel in initial-review collateral proceedings. The Supreme Court explained: "The holding in this case does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts." *Id.*

PAGE 3 – ORDER

The Supreme Court's reasoning in *Martinez*, however, leads this Court to question whether the cause exception to procedural default articulated in *Martinez* should be expanded to cover the facts of the case at bar. The *Martinez* Court distinguished between initial review post-conviction proceedings and other proceedings, stating, "[w]hile counsel's errors in [non-initial-review] proceedings preclude any further review of the prisoner's claim, the claim will have been addressed by one court, whether it be the trial court, the appellate court on direct review, or the trial court in an initial-review collateral proceeding." *Id.* at 1317. Simply put, as long as at least one state court addressed the Petitioner's claim, the Supreme Court reasoned that no cause exception under *Martinez* was necessary.

In this case, however, Petitioner argues that this attorney in his initial PCR proceeding raised, but inadequately developed, Petitioner's inadequate assistance of trial counsel claim. Petitioner's default occurred on appeal, preventing any future court from addressing the issue of inadequate assistance of trial counsel. Thus, the only court that addressed the inadequate assistance of trial counsel claim did so with an allegedly insufficient development of the record and claims because of Petitioner's allegedly inadequate assistance of counsel at his initial-review PCR proceeding. For this reason, the Court grants a Certificate of Appealability, so that either the Ninth Circuit or the Supreme Court may have an opportunity to consider whether the *Martinez* exception should be expanded to apply to the facts of this case.[1]

The Court ADOPTS Judge Jelderks's Findings and Recommendation (Dkt. 52), with the exception of his recommendation that the Court decline to issue a Certificate of Appealability. The Court DENIES Petitioner's request for an evidentiary hearing, DENIES relief on the Petition

---

[1] *See Lopez v. Ryan*, 678 F.3d 1131, 1137 (9th Cir. 2012) (declining to decide whether *Martinez* should be expanded to apply to post-conviction review counsel's ineffective failure to develop the factual basis of a claim).

PAGE 4 – ORDER

for Writ of Habeas Corpus, and this case is DISMISSED with prejudice. The Court, however, issues a Certificate of Appealability on the basis that Petitioner has made a sufficient showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

DATED this 16th day of May, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge